| | | |
|---|---|---|
| Crissandra Gordon | ) | **United States District Court** |
| | ) | **Northern District of Illinois** |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.:____________________ |
| | ) | |
| Syndicated Office Systems, LLC | ) | |
| d/b/a Central Financial Control | ) | |
| | ) | |
| Defendant | ) | |

# COMPLAINT

Plaintiff Crissandra Gordon ("Plaintiff" or "Gordon"), by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Syndicated Office Systems, LLC d/b/a Central Financial Control ("Defendant" or "Central Financial Control"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of Illinois, County of Cook, residing at 321 South Maple Avenue, Oak Park, IL 60302.

3. Defendant is a debt collector with an address at 3560 Dallas Parkway, Frisco, TX, 75034.

4. Central Financial Control is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt (the "Alleged Debt") from the Plaintiff.

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

11. Defendant reported the Alleged Debt on the Plaintiff's credit report.

12. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on July 27, 2015.

13. Plaintiff examined her credit report again on October 2, 2015 and found that Defendant had not removed the credit account nor marked it as "disputed by consumer" despite being required to do so by the FDCPA.

14. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## **FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

16. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), and 1692f.

17. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Crissandra Gordon demands judgment from the Defendant Syndicated Office Systems, LLC d/b/a Central Financial Control, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendants practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
April 19, 2016

/s/ Yaakov Saks

**RC Law Group, PLLC**
By: Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 Ext. 201
Fax: 201.282.6501