## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Crissandra Gordon, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Jorge L. Alonso |
| | ) | |
| v. | ) | Case No.: 1:16-cv-04440 |
| | ) | |
| Syndicated Office Systems, LLC | ) | Magistrate Judge Young B. Kim |
| d/b/a Central Financial Control, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
### SYNDICATED OFFICE SYSTEMS, LLC'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES defendant Syndicated Office Systems, LLC ("Syndicated"), by and through undersigned counsel, and hereby submits the following memorandum of law in support of its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.      INTRODUCTION

The sole basis for this lawsuit arises from plaintiff's contention that Syndicated violated various provisions of the Fair Debt Collection Practices Act ("FDCPA") by allegedly failing to remove a tradeline on the plaintiff's credit report, or "mark" it as disputed, after plaintiff purportedly disputed an unnamed debt to Syndicated. To be clear, plaintiff has not pled, nor can she, that Syndicated re-reported the debt, after learning of a dispute, and failed to report it as disputed. Rather, she simply contends that, after notice of a dispute, a furnisher has an affirmative duty to either remove a tradeline from a credit report or "mark" that it is disputed. Plaintiff is wrong. Plaintiff ignores the fact that

Syndicated is not a credit reporting agency and cannot itself remove a tradeline or "mark" it as disputed. Beyond that, case law is clear, based upon guidance from the Federal Trade Commission, that Syndicated has no affirmative obligation under the FDCPA, after learning of a dispute, to make a request to a credit reporting agency that a tradeline be removed or to inform the credit reporting agency that the consumer disputes the debt. Applicable law on this issue is clear and unanimous, and this lawsuit should be dismissed, as a matter of law, with prejudice.

## II.    STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.3d. 1510, 1520 (7th Cir. 1990). Dismissal is proper if the complaint does not set forth "enough facts to state a claim for relief that is plausible on its face." *St. John's United Church of Christ, et al. v. City of Chicago, et al.*, 502 F.3d 616, 625 (7th Cir. 2007). The Seventh Circuit has described this pleading requirement as a "plausibility standard" which requires factual allegations that "raise a right to relief above the speculative level." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634-35 (7th Cir. 2012). The only allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that the "plausibility" standard serves the practical purpose of preventing a plaintiff who lacks a claim from causing defendant to incur time and expense defending against plaintiff's claim, and thereby increasing a case's settlement value, when the fact

that no claim exists can be determined merely by examining the complaint itself. *Id.*, 550 U.S. at 557-58.

## III. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM THAT SYNDICATED VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff alleges that Syndicated violated 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8) and 1692f of the FDCPA. Dkt. 1, ¶ 16. While it appears that plaintiff has broadly cited provisions of the FDCPA in the hopes of manufacturing some liability, she has not pled a cause of action under any of the cited provisions, and each will be discussed in turn.

Section 1692d of the FDCPA broadly prohibits conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Plaintiff has not alleged what part of Syndicated's conduct was harassing, oppressive or abusive, and Syndicated should not have to guess. Plaintiff has not pled that Syndicated made any threat to plaintiff, or engaged in any conduct that could be considered harassing, oppressive or abusive. In fact, plaintiff does not appear to complain of any conduct or communication that was directed at her. Plaintiff's conclusory allegations should not be entertained.

As to plaintiff's allegations under Sections 1692e(2), 1962e(5) and 1692e(8), many courts have addressed similar allegations as to whether a furnisher has an affirmative obligation to *update* information provided to a credit bureau when the debtor disputes the debt *after* the debt has already been communicated to the credit bureau. The courts appear to be unanimous that collectors have no affirmative obligation under the FDCPA, after becoming aware of a dispute, to update the information already provided or to remove the

tradeline. *See Wilhelm v. Credico, Inc.*, 519 F.3d 416 (8th Cir. 2008) (holding that when debt collector learns of dispute after reporting the debt to a credit bureau, the dispute need not also be reported); *see also Rogers v. Virtuoso Sourcing Grp., LLC*, 2013 WL 772865 (S.D. Ind. Feb. 28, 2013); *Wells v. Deca Financial Services, LLC*, 2013 WL 772870 (S.D. Ind. Feb. 28, 2013); *Donatelli v. Warmbrodt*, 2011 WL 2580442 (W.D. Pa. June 28, 2011); *Gillen v. Kohn Law Firm S.C.*, 2015 WL 1430375 (W.D. Wis. Mar. 27, 2015); *Plummer v. Atl. Credit & Finance, Inc.*, 66 F.Supp.3d 484 (S.D. N.Y. Dec. 8, 2014); *Edeh v. Aargon Collection Agency, LLC*, 2011 WL 2963855 (D. Minn. June 20, 2011), *report and recommendation adopted*, 2011 WL 2910750 (D. Minn. July 20, 2011); *In re Benson*, 445 B.R. 445, 449 (Bankr. E.D. Pa. 2010); *Kinel v. Sherman Acquisition II LP*, 2006 WL 5157678 (S.D.N.Y. Feb. 28, 2006), *report and recommendation adopted*, 2007 WL 2049566 (S.D.N.Y. July 13, 2007); *Jacques v. Solomon & Solomon P. C.,* 886 F.Supp.2d 429 (D. Del. 2012). Each of these courts addressed similar claims as the one brought by plaintiff and found that they were not actionable under § 1692e of the FDCPA. In fact, counsel for Syndicated is not aware of any cases that endorse plaintiff's contention of liability or that has reached a different conclusion than that reached in *Wilhelm* and its progeny.

Section 1692e generally prohibits the use of "any false, deceptive, or misleading representation...in connection with the collection of any debt." Section 1692e(8) provides that a debt collector may not "communicat[e]...to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*." 15 U.S.C. § 1692e(8) (emphasis added).

In *Wilhelm*, the 8th Circuit analyzed a similar argument to that before this Court to reach the conclusion that there is no affirmative obligation under the FDCPA for a debt collector, after becoming aware of a dispute, to update the information or remove the tradeline. *Id.*, 519 F.3d at 418. As the Court stated in *Wilhelm*:

> Both claims are premised on Wilhelm's assertion that § 1692e(8) imposed an affirmative duty on Credico and Pinnacle to disclose that he had disputed the debt. He cites no case supporting this contention, and we reject it. Section 1692e generally prohibits "false, deceptive, or misleading representation." Subsection 1692e(8) applies to the "communicating" of "credit information." "Communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2). Reading these provisions together, as we must, the relevance of the portion of § 1692e(8) on which Wilhelm relies-"including the failure to communicate that a disputed debt is disputed"-is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the Fair Debt Collection Practices Act:
>
> 1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer ... *and reports it to a credit bureau,* he must report it as disputed.
>
> 2. Post-report dispute. *When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.*
>
> FTC Staff Commentary, 53 Fed.Reg. 50097-02, 50106 (Dec. 13, 1988) (emphasis added), followed in *Black v. Asset Acceptance, LLC,* 2005 U.S. Dist. LEXIS 43264 at * 12-13 (N.D.Ga.2005), and in *Hilburn v. Encore Receivable Mgmt., Inc.,* 2007 WL 1200949 at *4 (D.Or.2007).

*Id.* (emphasis in original).

Here, as in *Wilhelm*, plaintiff simply alleges that Syndicated reported the debt at some point, that plaintiff learned that it was on her credit report and disputed it directly to Syndicated, and that Syndicated neither reported it as disputed or removed the tradeline.

As made clear in *Wilhelm*, which relied upon the FTC Commentary, and the many cases that have followed it, plaintiff has pled no actionable violation of § 1692e(8) of the FDCPA. Moreover, plaintiff has not pled how Syndicated possibly violated § 1692e(2) and 1692e(5). Tellingly, and fatal to the claim here, plaintiff does not allege, and nor could she, that the debt was reported by Syndicated to the credit bureaus without noting plaintiff's dispute at any time *after* Syndicated became aware of that dispute. None of the referenced sections of the FDCPA require the collector to make an affirmative report to the credit agencies that the consumer has disputed the debt, or to remove the tradelines. As such, plaintiff's claims under § 1692e(2), § 1692e(5) and § 1692e(8) fail as a matter of law.

Finally, while it appears that it is a "throw in" claim, as plaintiff does not cite to any provision of § 1692f, the claim asserted under § 1692f has absolutely no basis in fact or in law. Plaintiff contends, generically, that Syndicated's debt collection efforts somehow violated § 1692f. Dkt. 1, ¶ 16. If Syndicated's actions are not violative of §§ 1692d or 1692e, which they clearly are not, there is no basis for their actions being unfair or unconscionable under § 1692f.

IV. **CONCLUSION**

WHEREFORE, defendant Syndicated Office Systems, LLC respectfully moves this Honorable Court to grant its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss Plaintiff's Complaint with prejudice.

Dated: July 19, 2016

Respectfully submitted,

*/s/ Morgan I. Marcus*

James K. Schultz
Daniel W. Pisani
Morgan I. Marcus
Sessions Fishman Nathan & Israel, LLC
120 South LaSalle Street, Suite 1960
Chicago, Illinois 60603-3651
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-mail: jschultz@sessions.legal
         dpisani@sessions.legal
         mmarcus@sessions.legal
*Attorneys for Defendant,*
*Syndicated Office Systems, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2016, a true and correct copy of **Syndicated Office Systems, LLC's Memorandum in Support of its Motion to Dismiss** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Morgan I. Marcus
*Attorney for Defendant,*
*Syndicated Office Systems, LLC*
