UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISSANDRA GORDON,<br><br>Plaintiff,<br><br>v.<br><br>SYNDICATED OFFICE SYSTEMS, LLC d/b/a CENTRAL FINANCIAL CONTROL,<br><br>Defendant. | Case No. 1:16-CV-04440 |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

Plaintiff Crissandra Gordon ("Ms. Gordon") respectfully submits this Memorandum of Law in opposition to the motion to dismiss (the "Motion") filed by defendant syndicated Office Systems, LLC d/b/a Central Financial Control ("Defendant").

### STATEMENT OF FACTS

On April 19, 2016, Ms. Gordon filed a complaint (the "Complaint") against Defendant setting forth allegations of deceptive, misleading, and unfair debt collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (the "FDCPA"). The alleged violations occurred as a result

of Defendant's failure to remove or notate as disputed a debt reported to a credit reporting agencies *after* Ms. Gordon put Defendant on notice of a dispute by way of a letter dated July 27, 2015, which Defendant received.

**STANDARD OF REVIEW**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8, (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)).

To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*

*Corp.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

Under a Rule 12(b)(6) motion, the defendant bears the burden of showing the plaintiff has failed to allege a claim upon which relief can be granted. *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005).

**LEGAL ARGUMENT**

**I. THE COMPLAINT SETS FORTH A CAUSE OF ACTION UNDER THE FDCPA**

The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692e. It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with collection of a debt. It must be emphasized that section 1692e(8) prohibits communications to any person "credit information which is known or should be known to be false, *including the failure to communicate that a disputed debt is disputed.*" 15 U.S.C. § 1692e(8)(emphasis added).

3

Furthermore, any application of the FDCPA must take into account that the FDCPA is a remedial statute. *See Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 741 (7th Cir. 2004). Accordingly, FDCPA's language is construed broadly to effect its purpose. *See Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 773 (7th Cir. 2003); *Ramirez v. Apex Financial Mgmt., LLC*, 567 F.Supp.2d 1035, 1040 (N.D. Ill. 2008); *Blair v. Sherman Acquisition*, 2004 U.S. Dist. LEXIS 25106, 2004 WL 2870080, at * 8 (N.D. Ill. Dec. 13, 2004).

The Complaint sets forth with specificity that factual allegations Defendant violated sections 1692d, 1692e, 1692e(2), 1692e(8), 1692e(10), 1692f and other sections of the FDCPA. The violations stem from Defendant's failure to remove or notate as disputed a debt reported to a credit reporting agencies *after* Ms. Gordon put Defendant on notice of a dispute by way of a letter dated July 27, 2015, which Defendant received. The Complaint speaks for itself on the matter and Defendant had more than ample notice of the violations. Furthermore, the Complaint contains a short and plain statement of Plaintiff's claim in accordance with Rule 8(a)(2). Nothing further need be shown. Accordingly, the Motion should be denied in its entirety.

II. **THE MOTION TO DISMISS SHOULD BE DENIED AS DEFENDANT VIOLATED 15 U.S.C. § 1692E(8)**

Contrary to Defendant's assertions in the Motion, pursuant to section 1692e(8), the FDCPA does not permit inaction on the part of the debt collector when it knows that a debt is in fact disputed. *See Ryan v. Wexler & Wexler*, 113 F.3d 91 (7th Cir. 1997) (plaintiff stated a claim under the FDCPA for debt collector's failure to communicate to credit reporting agencies that his account was disputed). Defendant's reliance upon cases from other jurisdictions is thus misguided.

The case of *Acosta v. Campbell*, 2006 U.S. Dist. LEXIS 101792 (M.D. Fla. October 12, 2006) is also illustrative on the matter. In *Acosta*, Judge Baker specifically held that "[a] debt collector may be liable under the FDCPA if it fails to communicate to a consumer reporting agency that a debt is disputed." *Id.* at *18. Judge Baker relied upon two cases in support of this conclusion, *Ryan* and and *Semper v. JBC Legal Group*, 2005 U.S. Dist. LEXIS 33591, *3 (W.D. Wash. Sept. 6, 2005) (debt collector's failure to communicate to credit bureau that dishonored check debt was disputed violated the statute).

In *Semper*, the consumer plaintiff alleged that a law firm acted improperly in collecting a debt arising out of a dishonored check. The parties filed cross-motions for summary judgment. Ultimately, the court determined that the law firm violated section 1692e(8) of the FDCPA because it failed to inform a credit reporting agency that the consumer had disputed the debt. The court opined that "the statute

5

does not give debt collectors the authority to determine unilaterally whether a dispute has merit or whether to comply with the requirements of the FDCPA in a given case." *Id* at *8.

Here, Defendant's conduct falls squarely within the realm of conduct the FDCPA sought to protect consumers from. Defendant was put on notice that Ms. Gordon disputed the debt reported to the credit agencies, but Defendant failed to communicate same to the credit agencies. Ms. Gordon continues to be harmed by Defendant's failure to take an affirmative act to properly notify the credit agencies as to the status of the debt in question. Every month that passed with the Defendant failing to correct the information about the debt, the more harm suffered by Ms. Gordon regardless of whether Defendant re-reports the debt. In essence, the cat is out of the bag at this point and remains so every month the debt is not property identified as disputed on Ms. Gordon's credit report.

When viewing facts in a light most favorable to Ms. Gordon, the non-moving party, Ms. Gordon suffered and continues to suffer from Defendant's lack of proper disclosure and violation of the FDCPA. Accordingly, Ms. Gordon has stated a claim upon which relief can be granted and a motion to dismiss is inappropriate under the circumstances. The Motion should be denied in its entirety.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion should be denied as the Complaint sets forth sufficient plausible facts establishing Defendant's liability under the FDCPA.

**RC LAW GROUP, PLLC**
*Attorneys for Plaintiff*

Dated: July 27, 2016			By:   /s/ Yaakov Saks, Esq.
					Yaakov Saks, Esq.

285 Passaic Street
Hackensack, NJ 07601
Telephone: (201) 282-6500
Facsimile:  (201) 282-6501
Email: ysaks@rclawgroup.com

### **Certification of Service**

I, hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid on July 27, 2016 to the following counsel of record.

Morgan Marcus
**Sessions, Fishman, Nathan & Israel**
120 South LaSalle Street, Suite 1960, Chicago, IL 60603-3561

/ s/ Yaakov Saks
Yaakov Saks, Esq.