# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Crissandra Gordon, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Jorge L. Alonso |
| | ) | |
| v. | ) | Case No.: 1:16-cv-04440 |
| | ) | |
| Syndicated Office Systems, LLC | ) | Magistrate Judge Young B. Kim |
| d/b/a Central Financial Control, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF SYNDICATED OFFICE SYSTEMS, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES defendant, Syndicated Office Systems, LLC d/b/a Central Financial Control ("Syndicated"), by and through undersigned counsel, and hereby submits the following reply in support of its motion to dismiss the Complaint of Crissandra Gordon pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. A NEARLY ANALOGOUS FACTUALLY PLED CASE BROUGHT BY THE SAME LAW FIRM WAS RECENTLY DISMISSED WITH PREJUDICE BY A SISTER COURT IN FLORIDA

On March 16, 2016, plaintiff Samantha Cartar-Miles, through RC Law Group, PLLC, filed suit against Retrieval-Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency ("RMCB") in the Federal Court for the Middle District of Florida alleging violations of the FDCPA and Florida Consumer Collection Practices Act. *Cartar-Miles v. Retrieval-Masters Credit Bureau, Inc.*, Case No. 5:16-cv-136-Oc-30PRL (Dkt. 1). Cartar-Miles alleged that "plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on March 20, 2015" and that "plaintiff

examined her credit report again on May 29, 2015 and found that Defendant had not removed the credit account nor marked it as 'disputed by consumer' despite being required to do so by the FDCPA." *Id*. at ¶¶ 11-13. Cartar-Miles did not allege that RMCB knew the account was disputed at the time it credit reported the account to the credit bureaus, nor did Cartar-Miles allege RMCB furnished further information to the credit bureaus following receipt of the dispute. *Id.* On August 19, 2016, the *Cartar-Miles* Court dismissed plaintiff's complaint with prejudice, and held that Cartar-Miles had failed to state an actionable violation of the FDCPA. In relying upon the 10th Circuit's decision in *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1189 (10th Cir. 2013) (relying upon analysis of *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008)), and the 8th Circuit's decision in *Wilhelm*, the *Cartar-Miles* Court noted that "[t]he FDCPA does not impose a duty on debt collector [sic] to notify credit reporting agencies each time it receives a dispute on a previously reported account." *Id.* at pg. 2. Even more importantly, the *Cartar-Miles* Court distinguished *Acosta v. Campbell*, No. 6:04-cv-761-Orl-28DAB, 2006 WL 146208 (M.D. Fla. Jan. 18, 2006), a case in its own jurisdiction, and a case cited by the plaintiff in this case, on the grounds that it was distinguishable, noting, as follows:

> ... *Acosta* is not applicable. In *Acosta*, the plaintiff alleged that the defendants, a debt collection law firm and its client creditor, violated the FDCPA by failing to report to credit reporting agencies and others that the plaintiff disputed the mortgage debt. *Id*. at *2, 13. The defendants moved to dismiss the claim arguing that communications with credit reporting agencies are not subject to the FDCPA. *Id.* at *13. The court disagreed, finding: "[A] a debt collector may be liable under the FDCPA if it fails to communicate to a consumer reporting agency that a debt is disputed. *Id.* at 14. *The court did not address, however, the claim at issue in the present*

2

> *case, i.e., whether a debt collector must notify a credit reporting agency that a debt is disputed if the dispute arises after a debt has already been reported.*

*Id.* at pg. 3.

The *Cartar-Miles* lawsuit was brought by the same law firm as the case before this Court, Cartar-Miles alleged the same factual pattern as Gordon, and for that reason, and the further reasons stated below, this Court should not stray from the *Cartar-Miles* ruling.

## II. ALL REFERENCES TO "FACTS" THAT WERE NOT ALLEGED IN THE COMPLAINT SHOULD BE STRICKEN AND DISREGARDED

Plaintiff asserts in the "Statement of Facts" section of her Response to Syndicated's Motion to Dismiss her Complaint, and in the body of the Response (pg. 4), that "[t]he alleged violations occurred as a result of Defendant's failure to remove or notate as disputed a debt reported to a credit reporting agencies [sic] after Ms. Gordon put Defendant on notice of a dispute by way of a letter dated July 27, 2015, which Defendant received." Plaintiff's Response at pg. 1-2. These *ex post facto* claims are absent from the Complaint, and should not be considered by this Court. Plaintiff has attached no documents to her Complaint supporting such claims – because the claims are entirely unsupported and without any factual basis – and plaintiff has only now raised them after Syndicated filed its Motion to Dismiss. As asserted in Paragraphs 12-13 of the Complaint, "[p]laintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on July 27, 2015," and "[p]laintiff examined her credit report again on October 2, 2015 and found that Defendant had not removed the credit account nor marked it as 'disputed by consumer' despite being required to do so by the FDCPA."

3

Plaintiff's Complaint at ¶¶ 12-13. As addressed in the Motion to Dismiss, plaintiff, at most, alleged that she sent a letter to Syndicated disputing the debt; however, there is no reference, and none can factually be pled, that Syndicated received the notice and, with knowledge of a dispute, updated her credit report without noting that the debt was disputed. Plaintiff appears to acknowledge such in her Response where she contends "[d]efendant was put on notice that Ms. Gordon disputed the debt reported to the credit agencies, but Defendant failed to communicate same to the credit agencies." Plaintiff's Response at pg. 6. As such, these unsupported assertions in the Response should be stricken and disregarded.

### III. PLAINTIFF'S RESPONSE RELIES UPON CASE LAW THAT IS WHOLLY IRRELEVANT AND DISTINGUISHABLE

The cases that plaintiff cites to in support of her contention that Syndicated violated Section 1692e(8) of the FDCPA simply do not stand for the position for which she relies upon them. If anything, the cases further support Syndicated's position that it has no affirmative obligation, pursuant to the FDCPA, after notice of a dispute, to update a credit report as disputed or to remove a tradeline.

Plaintiff relies upon a case from the 7th Circuit, *Ryan v. Wexler & Wexler*, 113 F.3d 91 (7th Cir. 1997), for the proposition that Syndicated had an obligation to report the dispute or request the tradeline be removed. *Wexler* simply does not stand for this, and plaintiff's reliance upon it is misguided. In *Wexler*, the plaintiff, Bradley Ryan, wrote a personal check to Harrah's Casino, and the check was returned for insufficient funds. *Id*. at 92. Harrah's assigned the dishonored check to Wexler & Wexler for collection. *Id*.

Ryan alleged, thereafter, that he settled the account with Wexler, but Wexler filed a judgment against Ryan. *Id.* Ryan alleged that the judgment appeared on his credit report, that his attorney wrote Wexler disputing the validity of the judgment, and that Wexler violated the FDCPA by "communicating evidence of credit information to credit reporting agencies which is incorrect and for failing to communicate that the account is the subject of an ongoing dispute." *Id.* Wexler disputed that the FDCPA even applied to collecting on dishonored checks. The *sole* issue before the 7th Circuit was whether the FDCPA applied to dishonored checks or is limited to those activities related to an extension of credit, as the court appropriately noted in *Rogers v. Virtuoso Sourcing Group, LLC*, 2013 WL 772865 (S.D. Ind. Feb. 28, 2013) (holding that *Wexler* "did not consider the reporting of a debt as disputed"); *see also Wells v. Deca Financial Services, LLC*, 2013 WL 772870 (S.D. Ind. Feb. 28, 2013) (same). As such, to the extent that plaintiff asserts that *Wexler* held that "the FDCPA does not permit inaction on the part of the debt collector when it knows that a debt is in fact disputed", it is difficult to conceive where plaintiff derived that holding, as the *Wexler* Court makes no such finding.

Plaintiff's inaccuracy in significantly mis-citing the holding of the *Wexler* Court would be enough to draw concern, in and of itself, but plaintiff further exacerbated the error by citing to two cases, without any factual context, that also do not support her position. The *Rogers* Court treated these cases in its analysis of cases cited by the plaintiff in that case where the plaintiff also urged the court to impose an affirmative obligation. As the *Rogers* Court stated:

5

> [T]he cases [Rogers] cites do not support his proposition [of an affirmative obligation]. *Cf. Smith v. Nat'l Credit Sys.,* 807 F.Supp.2d 836, 840 (D.Ariz.2011) (plaintiff disputed debt before defendant reported it to credit reporting agencies); *Kasalo v. Monco Law Offices,* 2009 WL 4639720, *—— ——, 2009 U.S. Dist. LEXIS 113848, *19 (N.D.Ill.2009) (case dealt with whether reporting debt to credit reporting agency was a "communication" subject to the requirements of Section 1692e(8), not with whether debt collector had obligation to report all debts after they are disputed; case did not "critically" consider *Wilhelm* as Mr. Rogers argues and, indeed, did not even mention *Wilhelm* ); *Reichert v. Nat'l Credit Sys.,* 531 F.3d 1002 (9th Cir.2008) (failure to report a debt as disputed under Section 1692e(8) was not an issue in the case); *Acosta v. Campbell,* 2005 U.S. Dist. LEXIS 39889, *43–44 (M.D.Fla.2005) (FDCPA claim survived dismissal where, unlike here, debt was reported after dispute and it was unclear whether defendants reported debt correctly); *Semper v. JBC Legal Group,* 2005 WL 2172377, *—— – ——, 2005 U.S. Dist. LEXIS 33591, *8–9 (W.D.Wash.2005) (court did not address whether debt collector must inform credit reporting agency of dispute made after debt reported, stating only that the FDCPA "does not give debt collectors the authority to determine unilaterally whether a dispute has merit or whether to comply with the requirements of the FDCPA in a given case"); *Ryan v. Wexler & Wexler,* 113 F.3d 91, 92 (7th Cir.1997) (court did not consider the reporting of a debt as disputed, instead stating "[t]he sole issue presented by this case is whether the FDCPA applies to debt collection activities on dishonored checks or is limited to those activities related to an extension of credit").

*Rogers*, 2013 WL 772865, at *3; *see also Wells*, 2013 WL 772870 (same).

In *Acosta*, Citibank sued Acosta on the debt for defaulting on a mortgage, and retained the Law Offices of David J. Stern, P.A. to initiate the foreclosure against Acosta. *Acosta v. Campbell*, 2006 WL 146208, *2 (M.D. Fla. Jan. 18, 2006). On July 14, 2003, Acosta sent a notice of dispute and verification request to the law firm that arrived on July 16, 2003. *Id.* In *Acosta*, the debt was reported *after* the dispute by CitiMortgage, as appropriately distinguished in *Rogers* and *Wells*. As such, plaintiff's reliance upon *Acosta* is entirely misguided, as further reflected in the *Cartar-Miles* Court's analysis.

6

In *Semper*, defendant JBC Legal Group, by letter dated, September 3, 2004, demanded payment of statutory fees and a return fee pursuant to a dishonored check. *Semper*, 2005 WL 2172377, at *3. The plaintiff informed both Equifax and JBC of a dispute and requested additional information from JBC. *Id*. The *Semper* Court did not address how the account was credit reported, or whether a debt collector must affirmatively update an account as disputed after notice of a dispute. *Id.* The *Semper* Court does not indicate whether JBC continued to report the debt after knowledge of the dispute without noting it was disputed. As such, the holding in *Semper* does not signal support of plaintiff's arguments before this Court.

As indicated, in Syndicated's motion to dismiss, as far as counsel is aware, there are no cases that support plaintiff's theory of FDCPA liability, and the FTC has spoken to the issue and indicated that there is no affirmative obligation to report all debts after they are disputed. Most glaringly, counsel for Gordon has entirely disregarded and ignored *Wilhelm*, its progeny, and the FTC Commentary, all directly on point for this issue. Each of those courts has analyzed the same issue, and none has imposed such a continuing affirmative duty to advise consumer reporting agencies that a debt has been disputed when the dispute occurs *after* the collector reports the debt and the collector has not reported the debt since the dispute.

## IV. SIMPLY BECAUSE THE FDCPA IS A "REMEDIAL" STATUTE, DOES NOT MEAN THAT THIS COURT NEED CREATE A REMEDY WHERE ONE DOES NOT EXIST

Plaintiff appears to contend that because the FDCPA is a remedial statute, that this Court should create a remedy for plaintiff. Even construing the FDCPA liberally, there is

7

no support for the claims asserted in plaintiff's Complaint.  That assumes, of course, that causes of action have even been pled in the Complaint, which they have not.  In her opposition to the Motion, plaintiff attempts to backtrack and posit that she has, in fact, alleged in the Complaint, that Syndicated updated her credit report without noting that the debt was disputed when it had notice of that dispute.  As addressed in Section I, this theory is not contained in plaintiff's complaint, and there is no factual support for this claim, which makes sense given plaintiff's failure to attach any documents supporting the contentions made in her response, which would be quite easy given the availability of her credit report and the alleged letter.  Congress explicitly created rights and remedies when a collector fails to *communicate* that a debt is disputed, *see* 15 U.S.C. § 1692e(8).  It did not create an affirmative obligation for a collector under the FDCPA, after learning of a dispute, to make a request to a credit reporting agency that a tradeline be removed or to inform the credit reporting agency that the consumer disputes the debt where the collector has not reported the debt since the dispute.

The plain language of the FDCPA, combined with the FTC Staff Commentary, along with the many district courts that have ruled on this issue in reliance upon *Wilhelm*, does not support such an affirmative obligation.  *See Llewellyn v. Allstate Home Loans, Inc.,* 711 F.3d 1173, 1189 (10th Cir. 2013) (holding that "[w]e agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify CRAs that a consumer disputes the debt *unless* the debt collector knows of the dispute and elects to report to a CRA."); *see also Rogers v. Virtuoso Sourcing Grp., LLC*, 2013 WL 772865 (S.D. Ind. Feb. 28, 2013); *Wells v. Deca Financial Services, LLC*,

2013 WL 772870 (S.D. Ind. Feb. 28, 2013); *Donatelli v. Warmbrodt*, 2011 WL 2580442 (W.D. Pa. June 28, 2011); *Gillen v. Kohn Law Firm S.C.*, 2015 WL 1430375 (W.D. Wis. Mar. 27, 2015); *Plummer v. Atl. Credit & Finance, Inc.*, 66 F.Supp.3d 484 (S.D. N.Y. Dec. 8, 2014); *Edeh v. Aargon Collection Agency, LLC*, 2011 WL 2963855 (D. Minn. June 20, 2011), *report and recommendation adopted*, 2011 WL 2910750 (D. Minn. July 20, 2011); *In re Benson*, 445 B.R. 445, 449 (Bankr. E.D. Pa. 2010); *Kinel v. Sherman Acquisition II LP*, 2006 WL 5157678 (S.D.N.Y. Feb. 28, 2006), *report and recommendation adopted*, 2007 WL 2049566 (S.D.N.Y. July 13, 2007); *Jacques v. Solomon & Solomon P. C.,* 886 F.Supp.2d 429 (D. Del. 2012); *Cartar-Miles v. Retrieval-Masters Credit Bureau, Inc.*, Case No. 5:16-cv-136-Oc-30PRL (Dkt. 16) (M.D. Fla., Aug. 19, 2016). Plaintiff has failed to cite a single case that supports her argument that such a remedy exists. There is no basis for why this Court should create a remedy where none exists.

Thus, plaintiff's FDCPA claim against Syndicated Office Systems, LLC d/b/a Central Financial Control fails as a matter of law, and should be dismissed with prejudice.

                Respectfully submitted,

                */s/ Morgan I. Marcus*

                James K. Schultz
                Daniel W. Pisani
                Morgan I. Marcus
                Sessions Fishman Nathan & Israel, LLC
                120 South LaSalle Street, Suite 1960
                Chicago, Illinois 60603-3651
                Telephone: (312) 578-0994

Facsimile: (312) 578-0991  
E-mail: jschultz@sessions.legal  
dpisani@sessions.legal  
mmarcus@sessions.legal  

*Attorneys for Defendant,*  
*Syndicated Office Systems, LLC d/b/a Central*  
*Financial Control*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2016, a true and correct copy of **Syndicated Office Systems, LLC d/b/a Central Financial Control's Reply in Support of its Motion to Dismiss Plaintiff's Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Respectfully Submitted,

*/s/ Morgan I. Marcus*
*Attorney for Defendant,*
*Syndicated Office Systems, LLC d/b/a Central*
*Financial Control*