# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CRISSANDRA GORDON, | ) |
| Plaintiff, | ) |
| | ) No. 16 c 4440 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| SYNDICATED OFFICE SYSTEMS, LLC, | ) |
| d/b/a CENTRAL FINANCIAL CONTROL, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Crissandra Gordon, brings this case under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, against defendant Syndicated Office Systems, LLC, a debt collector. Defendant moves to dismiss. For the following reasons, the motion is granted.

## BACKGROUND

In her complaint, plaintiff alleges that defendant, a "debt collector" as the phrase is defined by the FDCPA, *see* 15 U.S.C. § 1692(a)(6), "began collection activities on an alleged consumer debt" attributed to plaintiff. (Compl. ¶¶ 4, 8.) Defendant reported the debt to credit reporting agencies, and it appeared on plaintiff's credit report. (*Id.* ¶ 11.) On July 27, 2015, plaintiff sent a letter "directly" to defendant to dispute the debt. (*Id.* ¶ 12.) On October 2, 2015, plaintiff examined her credit report again and found that "Defendant had not removed the credit account nor marked it as 'disputed by consumer.'" (*Id.* ¶ 13.)

## ANALYSIS

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted).

Under federal notice-pleading standards, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

The FDCPA was enacted "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)). Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means." 15 U.S.C. § 1692e. In particular, 15 U.S.C. § 1692e(8) prohibits "[c]ommunicating or

threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."[1]

Defendant argues that plaintiff fails to state a claim for violation of section 1692e(8) because "there is no affirmative obligation under the FDCPA for a debt collector, after becoming aware of a dispute, to update the information" that it may have already reported to a credit reporting agency. (Mem. Supp. Def's Mot. to Dismiss, at 5, ECF No. 14.) The vast weight of authority is on defendant's side. *See Wilhelm v. Credico, Inc.,* 519 F.3d 416, 418 (8th Cir. 2008); *Rogers v. Overton, Russell, Doerr & Donovan, LLP*, No. 1:16-CV-00784, 2017 WL 570811, at *2-3 (N.D.N.Y. Feb. 13, 2017) ("overwhelming weight of authority" rejects "affirmative post-reporting duty to communicate a dispute that arises after the debt has been reported"); *Rogers v. Virtuoso Sourcing Grp., LLC*, No. 1:12-CV-01511-JMS, 2013 WL 772865, at *2-3 (S.D. Ind. Feb. 28, 2013) (citing cases for same proposition); *Wells v. Deca Fin. Servs., LLC*, No. 1:12-CV-01514-JMS, 2013 WL 772870, at *3 (S.D. Ind. Feb. 28, 2013) (same). In *Wilhelm*, the leading federal appellate court case on this issue, the Eighth Circuit reasoned as follows:

> [Plaintiff] assert[s] that § 1692e(8) imposed an affirmative duty on [debt collectors] to disclose that he had disputed the debt. He cites no case supporting this contention, and we reject it. Section 1692e generally prohibits "false, deceptive, or misleading representation." Subsection 1692e(8) applies to the "communicating" of "credit information." "Communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2). Reading these provisions together, as we must, the relevance of the portion of § 1692e(8) on which Wilhelm relies— "including the failure to communicate that a disputed debt is disputed"—is rooted

---

[1] Plaintiff cites a number of other provisions of the FDCPA, including 15 U.S.C. 1692d, 1692e(2), 1692e(10), and 1692f, in addition to section 1692e(8). But she makes no factual allegations of wrongdoing other than failing to "remove[] the credit account [or] mark[] it as 'disputed by consumer,'" and section 1692e(8) is the only provision of the FDCPA that is even arguably applicable to this alleged misconduct. *See Rogers v. Overton, Russell, Doerr & Donovan, LLP*, No. 16cv784, 2017 WL 570811, at *2 n.1 (N.D.N.Y. Feb. 13, 2017) (describing the aforementioned provisions of the FDCPA and concluding that section 1692e(8) was the only subsection that was even "arguably applicable based on" a complaint making similar factual allegations). Plaintiff concedes as much in her response brief because she makes no specific argument based on any provision other than section 1692e(8).

in the basic fraud law principle that, if a debt collector elects to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the Fair Debt Collection Practices Act:
> 1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer . . . *and reports it to a credit bureau*, he must report it as disputed.
> 2. Post-report dispute. *When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.*

519 F.3d at 418 (citing FTC Staff Commentary, 53 Fed.Reg. 50097-02, 50106 (Dec. 13, 1988)).

This reasoning is persuasive, and plaintiff has provided no compelling reason to deviate from it.

In support of her position that 1692e(8) "does not permit inaction on the part of the debt collector when it knows that a debt is in fact disputed" (Pl.'s Mem. Opp. Mot. to Dismiss, at 5, ECF No. 17), plaintiff has cited three cases: *Ryan v. Wexler & Wexler*, 113 F.3d 91, 92 (7th Cir. 1997); *Acosta v. Campbell*, No. 6:04cv761, 2006 WL 3804729, at *7 (M.D. Fla. Dec. 22, 2006), *aff'd*, 309 F. App'x 315 (11th Cir. 2009); *Semper v. JBC Legal Grp.*, No. C04-2240L, 2005 WL 2172377, at *3 (W.D. Wash. Sept. 6, 2005). None of these cases is on point, as another court has already explained in an identical context:

> [Plaintiff] urges the Court to interpret Section 1692e(8) as imposing a continuing duty on debt collectors to advise consumer reporting agencies that a debt has been disputed, even when the dispute occurs after the debt collector reports the debt and the debt collector has not reported the debt since the dispute. However, the cases he cites do not support his proposition. *Cf. . . . Acosta v. Campbell*, 2005 U.S. Dist. LEXIS 39889, *43-44 (M.D. Fla. 2005) (FDCPA claim survived dismissal where, unlike here, debt was reported after dispute and it was unclear whether defendants reported debt correctly); *Semper v. JBC Legal Group*, 2005 WL 2172377, 2005 U.S. Dist. LEXIS 33591, *8-9 (W.D. Wash. 2005) (court did not address whether debt collector must inform credit reporting agency of dispute made after debt reported, stating only that the FDCPA "does not give debt collectors the authority to determine unilaterally whether a dispute has merit or whether to comply with the requirements of the FDCPA in a given case"); *Ryan v. Wexler & Wexler*, 113 F.3d 91, 92 (7th Cir.1997) (court did not consider the reporting of a debt as disputed, instead stating "[t]he sole issue presented by this

case is whether the FDCPA applies to debt collection activities on dishonored checks or is limited to those activities related to an extension of credit").

*Virtuoso Sourcing Grp., LLC*, 2013 WL 772865, at *3; *see also Overton*, 2017 WL 570811, at *2 n.2 (similarly distinguishing *Acosta* and *Semper*).

This Court finds no reason to depart from *Wilhelm* and the myriad other cases that have held that a debt collector has no "continuing duty . . . to advise consumer reporting agencies that a debt has been disputed, even when the dispute occurs after the debt collector reports the debt." *See Virtuoso Sourcing Grp.*, 2013 WL 772865, at *3. Plaintiff makes no factual allegations against defendant other than inaction after she disputed the debt that defendant had previously reported to a credit reporting agency. Because her only factual allegations are based on an invalid legal theory, she fails to state a claim on which relief can be granted, so this Court must dismiss her complaint.

## CONCLUSION

For the reasons set forth above, the Court grants defendant's motion to dismiss [13]. The complaint is dismissed with prejudice. Civil case terminated.

**SO ORDERED.**  **ENTERED:** March 27, 2017

**HON. JORGE L. ALONSO**
**United States District Judge**